IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAVID A. RENO,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT U. NIELSON, ET AL.,<br><br>Defendants. | ) | CIVIL NO. 19-00418 ACK-WRP<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES

Before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees, filed on August 5, 2019. See ECF No. 2. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

After careful consideration, the Court FINDS AND RECOMMENDS that the district court DENY Plaintiff's Application.[1]

DISCUSSION

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

On August 5, 2019, Plaintiff filed a Complaint asserting various constitutional violations against Defendants.  See ECF No. 1.  Plaintiff filed his Application to Proceed Without Prepayment of Fees on the same day.  Federal courts may authorize the commencement of any suit without the prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees pursuant to 28 U.S.C. § 1915(a)(1).  "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (quotations omitted); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (quotations omitted) (the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty").  In determining whether to grant an application to proceed without prepayment of fees, the Court is guided by whether the applicant's yearly income surpasses the poverty guideline.

Plaintiff's Application states that he is employed and receives $1,000 per month in gross wages.  See ECF No. 2 at 1.  Plaintiff also states that his wife is employed and earns approximately $2,200 per month.  See id.  This results in an annual household income of approximately $38,400.  Plaintiff states that he does not have any dependents.  See id. at 2.  The Department of Health and Human Services 2019 Poverty Guidelines indicate that the poverty guideline for a two-

person household in Hawaii is $19,460. See Annual Update of the Health and Human Services Poverty Guidelines, 84 Fed. Reg. 1168 (Feb. 1, 2019). Based on the information provided in the Application, Plaintiff's income falls above the poverty threshold in Hawaii. See id. The Court therefore FINDS that Plaintiff does not qualify as a person who is unable to pay or give security for court fees and RECOMMENDS that the district court DENY Plaintiff's Application.

CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that Plaintiff's Application to Proceed Without Prepayment of Fees be DENIED. If Plaintiff wishes to proceed with this action, he must remit the appropriate filing fee within thirty (30) days from the date that this Findings and Recommendation is acted upon by the district court. Failure to do so will result in the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, AUGUST 12, 2019.

Wes Reber Porter
United States Magistrate Judge

**RENO V. NIELSON, ET AL.; CIVIL NO. 19-00418 ACK-WRP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**