IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

|  |  |  |
|---|---|---|
| DAVID A. RENO, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. No. 19-00418 ACK-WRP |
| SCOTT U. NIELSON, individually And in his capacity as Police Officer; HONOLULU POLICE DEPARTMENT; CITY AND COUNTY OF HONOLULU, | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

For the reasons discussed below, the Court GRANTS
Defendant the City and County of Honolulu's Motion to Dismiss,
ECF No. 13, and GRANTS Defendant Scott Nielson's Motion to
Dismiss, ECF No. 16.

## FACTUAL BACKGROUND

This case arises from an encounter between Plaintiff
David Reno ("Plaintiff") and Defendant Scott Nielson ("Defendant
Nielson"). ECF No. 1 ("Compl."). The following facts are drawn
from Plaintiff's Complaint.

Plaintiff sought to submit a statement to the Honolulu
Police Department ("HPD") documenting a matter involving
Plaintiff's insurance agent falsifying information on

Plaintiff's insurance documents.  Compl. at 4.  Plaintiff was provided forms on which to submit his statement by a non-party HPD officer.  Compl. at 3.  Plaintiff was advised to submit the forms to the HPD by calling 911 and requesting a beat officer who would take the forms and issue Plaintiff a report number. Compl. at 3.  Plaintiff called 911 on August 4, 2017, and Defendant Nielson, an HPD officer, met with Plaintiff.  Compl. at 4.

Plaintiff states that Defendant Nielson refused to take Plaintiff's information.  Compl. at 4.  Defendant Nielson advised Plaintiff against filing his statement and quoted false laws or policies to Plaintiff, including a statement that "[w]e don't just give report numbers to documents."  Compl. at 4. Plaintiff realized partway through the encounter that he had been filming the interaction on his cell phone and pointed his cell phone camera at Defendant Nielson.  Compl. at 5.  At this time, Defendant Nielson recognized Plaintiff was recording the interaction and Defendant Nielson accepted Plaintiff's statement and issued Plaintiff a report number.  Compl. at 6.  Defendant Nielson got into Plaintiff's "space" before they parted ways. Compl. at 6.

On August 21, 2017, Plaintiff went to the police station to inquire about his statement, at which time he learned that Defendant Nielson's police report was the only document

associated with the provided report number. Compl. at 6.
Plaintiff filed an affidavit against Defendant Nielson through
HPD's Professional Standards Office based on Defendant Nielson's
failure to submit Plaintiff's statement. Compl. at 6. On
August 23, 2017, Plaintiff learned that Defendant Nielson
falsely stated in the police report that Plaintiff had not
provided Defendant Nielson any documents and had misstated
material facts. Compl. at 7. In response, Plaintiff filed a
second affidavit against Defendant Nielson. Compl. at 7.

Plaintiff asserts that these events violated his
First, Fifth, and Fourteenth Amendment rights under the United
States Constitution. Compl. at 2. Plaintiff seeks (1)
rescission or removal of Defendant Nielson's falsified police
report; (2) punitive damages for the negligent or intentional
infliction of emotional distress; and (3) compensatory damages
for loss of earnings. Compl. at 7-8.

On September 10, 2019, Defendant the City and County
of Honolulu filed a Motion to Dismiss for failure to state a
claim. ECF No. 13. On October 11, 2019, Defendant Scott
Nielson filed a Motion to Dismiss for failure to state a claim.
ECF No. 16. On November 20, 2019, Plaintiff filed an
Opposition, ECF No. 21, and on November 27, 2019, Defendants
filed a Reply, ECF No. 23. A hearing was held on Thursday,
December 12, 2019 at 11:00 a.m.

## STANDARD

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

The Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 784 (9th Cir. 2012) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" Id. (quoting Iqbal, 556 U.S. at 678). "A claim has facial plausibility when

- 4 -

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. (citing Twombly, 550 U.S. at 555). Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

When the Court dismisses a complaint pursuant to Rule 12(b)(6) it should grant leave to amend unless the pleading cannot be cured by new factual allegations. OSU Student All. v. Ray, 699 F.3d 1053, 1079 (9th Cir. 2012).

## DISCUSSION

### I.  Parties' Arguments

Defendant City and County of Honolulu (the "City") and Defendant Nielson (collectively, "Defendants") both seek

dismissal of the claims for five of the same reasons.  First,
Defendants argue that Plaintiff fails to plead an actionable
state law claim of negligence.  City's Mot. Dismiss at 5;
Nielson's Mot. Dismiss at 4.  Second, Defendants argue that
Plaintiff's Fifth Amendment claim fails because the Fifth
Amendment only applies to alleged violations by the federal
government.  City's Mot. Dismiss at 6; Nielson's Mot. Dismiss
at 4.  Third, Defendants argue that Plaintiff's First Amendment
claim fails because the speech at issue does not relate to a
matter of public concern.  City's Mot. Dismiss at 6-9; Nielson's
Mot. Dismiss at 4-8.  Fourth, Defendants argue that Plaintiff's
Fourteenth Amendment claim fails because Plaintiff did not
suffer a constitutional deprivation as a result of an allegedly
false police report or unsubmitted statement.  City's Mot.
Dismiss at 9; Nielson's Mot. Dismiss at 8-9.   Fifth, Defendants
argue that Plaintiff's claims against Defendant Nielson in his
official capacity are redundant of the claims against the City.
City's Mot. Dismiss at 11; Nielson's Mot. Dismiss at 9-10.

The City makes the additional argument that the City
cannot be held vicariously liable for its employees' alleged
constitutional violations.  City's Mot. Dismiss at 4.
Defendant Nielson makes the additional arguments that he is
entitled to qualified immunity, Nielson's Mot. Dismiss at 10-12,

and that the request for injunctive relief should be dismissed as moot, Nielson's Mot. Dismiss at 12-13.

Plaintiff's Opposition does not respond to these arguments. Rather, it alleges additional details and offers extrinsic evidence not attached to the Complaint. In particular, the Opposition attaches three additional documents: (1) the statement that Plaintiff attempted to submit to Defendant Nielson; (2) Plaintiff's video recording of the interaction with Defendant Nielson, as well as a transcript of that recording; and (3) Defendant Nielson's police report.

An opposition to a motion to dismiss is an improper vehicle to assert additional facts not initially alleged, which Plaintiff may properly assert through an amended complaint. Nathanson v. Polycom, Inc., 87 F. Supp. 3d 966, 985 (N.D. Cal. 2015) (declining to address allegations raised in plaintiff's opposition brief but not his complaint) (citation omitted). "A court may, however, consider certain materials" when ruling on a Rule 12(b)(6) motion to dismiss, including "documents incorporated by reference in the complaint." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." Id. The statement is referred to

extensively in the Complaint, and, though a closer question, arguably the video recording is as well.  Defendant Nielson's allegedly false police report forms the basis for some Plaintiff's claims.  Thus, the Court may consider these items in ruling on the motion to dismiss.  With that said, they do not alter the Court's analysis.

## II.  Threshold Procedural Issues

As an initial matter, Plaintiff does not assert the basis on which he names the City as a Defendant.  Plaintiff names the City in the caption of his Complaint and in his list of Defendants, but does not in any other place refer to the City or the City's liability for the alleged actions.  See Compl. at 1, 2.  In fact, aside from the caption of the Complaint, the single reference to the City is as follows: "Defendant City and County of Honolulu ('City and County') of 530 South King Street Honolulu Hawai'i 96813 and whose phone number is (808) 768-5222, is the municipal authorities of the City and County of Honolulu as a Corporation and at all times relevant; and may be sued in its name."  Compl. at 2.  Plaintiff's failure to direct any substantive allegations toward the City makes it difficult for the Court to ascertain the basis for liability, and difficult for the Court to know if Plaintiff intends to assert all, or only some, of his claims against the City.

Plaintiff further fails to allege any specific cause of action for his constitutional claims. He is apparently attempting to directly sue for violations of his constitutional rights despite the established law that there is "no cause of action directly under the United States Constitution" and "a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992); see also Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001). Nevertheless, Plaintiff here is pro se and the Court holds his allegations "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); see also Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004) ("We construe the complaint liberally because it was drafted by a pro se plaintiff."). Thus, the Court will liberally construe the Complaint to assert the constitutional claims through § 1983.[1]

---

[1] Construing this as a § 1983 claim raises a potential statute of limitations issue. Plaintiff alleges that the interaction with Defendant Nielson occurred on August 4, 2017. Compl. at 3. Section 1983 actions are subject to a two-year statute of limitations in Hawai'i. Bird v. Dep't of Human Servs., 935 F.3d 738, 743 (9th Cir. 2019) ("Because 42 U.S.C. § 1983 does not contain its own statute of limitations, '[a]ctions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions.' [Citation.] In Hawai'i, the statute of limitations for personal injury actions is two years.") (internal citations omitted). Plaintiff filed his Complaint on August 5, 2019—two years and one day after the alleged incident. Plaintiff alleges that he did not learn about Defendant Nielson's failure to file his statement or about the Defendant Nielson's inaccurate police report, however, until August 21 (Continued . . .)

The Court will further assume (as the City does) that Plaintiff intends to allege all of his claims against the City.

Finally, Plaintiff names the Honolulu Police Department as an additional defendant in this case. The Honolulu Police Department is a division of the City and not separately subject to suit. See, e.g., Fisher v. Kealoha, 869 F. Supp. 2d 1203, 1214 (D. Haw. 2012) (dismissing claims against the Honolulu Police Department because it is not a separate legal entity from the City); Alexander v. City & Cty. of Honolulu Police Dep't, No. CIV. 06-00595 JMS/KS, 2007 WL 2915623, at *5 (D. Haw. Sept. 28, 2007) ("Plaintiff agrees that the Honolulu Police Department is a division of the City and County of Honolulu and that the City and County is the proper municipal Defendant."). The Honolulu Police Department is therefore DISMISSED.

## III. Constitutional Claims Against Municipality and Defendant Nielson in his Official Capacity

Section 1983 provides relief against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . causes . . . any citizen of the

---

and August 23, 2017, respectively—within the two-year limitations period. The Court need not rule on the limitations issue now because the Complaint must be dismissed on other, substantive grounds. But, in the event Plaintiff refiles his claims and asserts violations based on the August 4, 2017 encounter, he will need to provide a basis for why his action is timely. See generally Jones v. Soong, No. CV 18-00226 JAO-RLP, 2018 WL 4623638, at *3 (D. Haw. Sept. 26, 2018) (discussing the statute of limitations, tolling, and accrual for § 1983 actions in Hawai'i).

United States . . . the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988). "Persons" covers "state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities." Vance v. Cnty. of Santa Clara, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996).

### a. Municipal Liability

To establish a Section 1983 claim for municipal liability, the plaintiff must show: "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992) (internal quotation marks omitted); see also Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978).

Although a complaint must contain "nothing more than a bare allegation that the individual [officer's] conduct conformed to official policy, custom, or practice" to survive a motion to dismiss, Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001), Plaintiff here has alleged no such policy. To the contrary, Plaintiff specifically alleges that Defendant Nielson "acted outside of the Department[] policies, procedures and training" when he "violated the law" by "deliberately and maliciously depriv[ing] Plaintiff of his Constitutionally Protected Rights under the First, Fifth and Fourteenth Amendments of the United States Constitution." Compl. at 2. Plaintiff does make a single reference to "HPD's negligent handling of its officers and policies," Compl. at 8, but this conclusory statement fails to make clear whether Defendant Nielson acted in conformance with or disregard of those policies. The claims against the City should therefore be dismissed.

The City fails to raise the requirements for a municipality suit under § 1983. It instead largely asserts the same arguments as Defendant Nielson for why each constitutional claim is insufficiently pled.[2/] Compare City's Mot. to Dismiss

_____

[2/] The City makes the additional argument that Plaintiff may not invoke vicarious liability here. Plaintiff has not done so, but if he had, the City correctly states that "[w]hile local governments may be sued under § 1983, (Continued . . .)

at 5-11 <u>with</u> Nielson's Mot. Dismiss at 4-10.  The Court reviews

below the shortcomings in Plaintiff's allegations under the

First, Fifth, and Fourteenth Amendments.  To the extent the City

views itself as a proper defendant at all, these deficiencies in

Plaintiff's Complaint warrant dismissal of the claims against

the City as well.

### b. Official-Capacity Liability

Plaintiff here sues Defendant Nielson in both his

individual and official capacities.  Turning first to the

official-capacity claims, these claims are redundant of the

claims against the City and County of Honolulu and are dismissed

for that reason.  Nielson's Mot. Dismiss at 9-10; <u>Carnell v.</u>

<u>Grimm</u>, 872 F. Supp. 746, 752 (D. Haw. 1994) (dismissing claims

against police officers sued in their official capacities as

duplicative of claims against the City and County of Honolulu);

<u>see also</u> <u>Vance v. Cty. of Santa Clara</u>, 928 F. Supp. 993, 996

(N.D. Cal. 1996) ("[I]f individuals are being sued in their

official capacity as municipal officials and the municipal

entity itself is also being sued, then the claims against the

individuals are duplicative and should be dismissed.").

### IV.  Defendant Nielson's Individual-Capacity Liability

they cannot be held vicariously liable for their employees' constitutional
violations."  <u>Gravelet-Blondin v. Shelton</u>, 728 F.3d 1086, 1096 (9th Cir.
2013).

Turning now to the individual-capacity claims against Defendant Neilson, there is no dispute that Defendant Nielson was acting under color of state law.  At issue, then, is whether Defendant Nielson caused a deprivation of Plaintiff's rights. The Court will review each alleged deprivation in turn.

### a. First Amendment

Plaintiff alleges that Defendant Nielson violated Plaintiff's First Amendment rights.  Compl. at 2.  Plaintiff does not state what specific conduct violated his First Amendment rights (or, indeed, what part of his First Amendment rights he believes were violated).  But the Complaint suggests that Plaintiff believes he had a right to make a statement to HPD and to access HPD's services, and that Defendant Nielson "intentionally obstruct[ed]" Plaintiff's statement by failing to file it with the HPD in violation of that right.  See Compl. at 4-7; see also Opp. at 6-8 (stating that Defendant Nielson "obstruct[ed] me from submitting a valid statement and exculpatory evidence to HPD;" and referring to Defendant Nielson's "non-stop obstructive lying and refusal to accept my valid statement and exculpatory evidence;" and alleging that "[i]n furtherance of his obstruction, Nielson again misstates other facts").  Framed this way, Plaintiff appears to be alleging that Defendant Nielson retaliated against Plaintiff by refusing to take Plaintiff's statement.

"To state a First Amendment retaliation claim, a
plaintiff must plausibly allege 'that (1) he was engaged in a
constitutionally protected activity, (2) the defendant's actions
would chill a person of ordinary firmness from continuing to
engage in the protected activity and (3) the protected activity
was a substantial or motivating factor in the defendant's
conduct.'" Capp v. Cty. of San Diego, 940 F.3d 1046, 1053 (9th
Cir. 2019) (quoting O'Brien v. Welty, 818 F.3d 920, 932 (9th
Cir. 2016)). "To prevail on such a claim, a plaintiff must
establish" that the defendant's retaliatory animus was the "but-
for" cause of plaintiff's injury, "meaning that the adverse
action against the plaintiff would not have been taken absent
the retaliatory motive." Nieves v. Bartlett, 139 S. Ct. 1715,
1722, 204 L. Ed. 2d 1 (2019).

Defendant Nielson argues that Plaintiff's Complaint
does not state a claim under the First Amendment. While he
acknowledges that the First Amendment would prohibit a
government official from retaliating against Plaintiff, he
argues that the First Amendment protections only apply to speech
involving a matter of public concern. Nielson's Mot. Dismiss
at 4-8. Plaintiff's speech, he argues, relates to a personal
grievance, not to a matter of public concern. Id.

"The prototypical plaintiff" in retaliation claims
cases "is a government worker who loses his job as a result of

some public communication critical of the government entity for whom he works." Blair v. Bethel Sch. Dist., 608 F.3d 540, 544 (9th Cir. 2010). But the test for speech by a public employee is distinct. See Eng v. Cooley, 552 F.3d 1062, 1070 (9th Cir. 2009). The first element of that test is "whether the plaintiff spoke on a matter of public concern." Id. Defendant Nielson here emphasizes this element, but all of the cases he cites occurred in the employee-speech context.[3] Nielson's Mot. Dismiss at 5-7. Plaintiff is not a government employee, so these cases—and the public concern element discussed therein—do not apply.

The Court nonetheless finds that, as pled, Plaintiff's Complaint does not state a claim for a First Amendment violation. Plaintiff's failure to state what First Amendment right he seeks to vindicate or how that right was violated—

---

[3] Clairmont v. Sound Mental Health, 632 F.3d 1091, 1102-03 (9th Cir. 2011) (addressing the "sequential five-step inquiry to determine whether a public employee has alleged a violation of his First Amendment rights as a result of government retaliation," the first step of which is "whether the plaintiff spoke on a matter of public concern"); Eng v. Cooley, 552 F.3d 1062, 1070 (9th Cir. 2009) (same); Posey v. Lake Pend Oreille Sch. Dist. No. 84, 546 F.3d 1121, 1126 (9th Cir. 2008) (regarding whether "a public employee" was able "to sustain a First Amendment retaliation claim"); Alpha Energy Savers, Inc. v. Hansen, 381 F.3d 917, 923 (9th Cir. 2004) (analyzing "a business vendor" that was "operat[ing] under a contract with a public agency" and finding the relevant analysis is "the same basic approach that we would use if the claim had been raised by an employee of the agency"); Coszalter v. City of Salem, 320 F.3d 968, 973 (9th Cir. 2003) (relating to an employee's "claim against a government employer for violation of the First Amendment"); Roe v. City & Cty. of San Francisco, 109 F.3d 578, 584 (9th Cir. 1997) ("In evaluating the First Amendment rights of a public employee, the threshold inquiry is whether the statements at issue substantially address a matter of public concern."); Hutchinson v. Bear Valley Cmty. Servs. Dist., 191 F. Supp. 3d 1117, 1123 (E.D. Cal. 2016) (addressing "whether a public employee's First Amendment rights were violated").

forcing the Court to guess at what Plaintiff intended to allege—
fails to meet the pleading requirements of Rule 8. For example,
although Plaintiff appears to allege a violation of his free
speech, the Court notes that it is possible Plaintiff intends to
allege a violation of his right to petition the government for
redress of his grievances.[4/] If the issue is free speech, it is
not obvious why Defendant Nielson's failure to file Plaintiff's
statement equates to interference with Plaintiff's free speech
rights.

Even assuming Plaintiff engaged in constitutionally-
protected speech and intends to allege a retaliation claim, as
Defendant Nielson construed it, Plaintiff has failed to allege
facts showing that Defendant Nielson's actions "would chill a
person of ordinary firmness from continuing to engage in the
protected activity." Capp, 940 F.3d at 1053 (internal quotation
marks omitted).

A typical example of a police officer chilling First
Amendment activities is a retaliatory arrest case.[5/] Courts have

---

[4/] If Plaintiff intends to plead retaliation for his petitioning
activity, he must meet the same test as retaliation for speech.
CarePartners, LLC v. Lashway, 545 F.3d 867, 877 (9th Cir. 2008) (providing a
single standard for "a claim of retaliation based on the exercise of free
speech and petition rights"); Steshenko v. Gayrard, 70 F. Supp. 3d 979, 994
(N.D. Cal. 2014) (characterizing the right to petition as a type of speech
and applying the same test); Adams v. Kraft, 828 F. Supp. 2d 1090, 1110-12
(N.D. Cal. 2011) (same).
[5/] E.g., Mihailovici v. Snyder, No. 3:15-CV-01675-MO, 2017 WL 1508180,
at *5 (D. Or. Apr. 25, 2017) (plaintiff claimed that "Chief Syder ordered his
(Continued . . .)

also found chilling in a retaliation context where the defendant allegedly attempted to strip the plaintiff of custody rights of his children, Capp, 940 F.3d at 1055; where the plaintiff was subject to a search of his office and seizure of his materials, Skoog v. Cty. of Clackamas, 469 F.3d 1221, 1232 (9th Cir. 2006); and where an officer detained the plaintiff, "us[ed] excessive force in placing him in handcuffs, and prolong[ed] the detention when there was no legitimate reason to do so," Crump v. Bay Area Rapid Transit Dist., No. 17-CV-02259-JCS, 2018 WL 4927114, at *14 (N.D. Cal. Oct. 10, 2018). See also White v. Lee, 227 F.3d 1214, 1226 (9th Cir. 2000) ("HUD officials' eight-month investigation into the plaintiffs' activities and beliefs chilled the exercise of their First Amendment rights.").

Plaintiff's strongest allegation supporting a chilling effect here is his allegation that, before parting ways,

---

arrest in retaliation for his desire to make a complaint against Officer Baker" and "Defendants appear to concede that on Mr. Mihailovici's version of the facts, Officer Snyder took action that would chill the First Amendment speech of an individual with ordinary firmness."); Morse v. San Francisco Bay Area Rapid Transit Dist. (BART), No. 12-CV-5289 JSC, 2014 WL 572352, at *8 (N.D. Cal. Feb. 11, 2014) ("Plaintiff has set forth sufficient evidence to demonstrate that Hartwig's arrest would 'chill or silence a person of ordinary firmness from future First Amendment activities.'"); Am. News & Info. Servs., Inc. v. Gore, No. 12-CV-2186 BEN KSC, 2014 WL 4681936, at *4 (S.D. Cal. Sept. 18, 2014) (holding the plaintiff "sufficiently alleged retaliation in violation of the First Amendment" where "he was repeatedly arrested while attempting to videotape scenes of public interest that were open to the general public," and had "his cameras seized repeatedly").

In a retaliatory arrest case, an additional issue exists regarding the role of probable cause. The Supreme Court recently overturned Ninth Circuit precedent in this regard. Nieves v. Bartlett, 139 S. Ct. 1715, 1724, 204 L. Ed. 2d 1 (2019) (holding that a "plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest"), abrogating Ford v. City of Yakima, 706 F.3d 1188, 1190 (9th Cir. 2013). Because no arrest occurred here, this issue is not presented.

Defendant Nielson "got into Plaintiff['']s 'space' in an apparent passive aggressive display of intimidation."  Compl. at 6. While the Court acknowledges Plaintiff's apparent distress, in the absence of any physical contact, detention, or threat, when Plaintiff himself initiated the encounter and was at all times free to leave, this allegation is insufficient to state a claim for a retaliatory violation of his First Amendment rights. Plaintiff's allegation that Defendant Nielson failed to file Plaintiff's statement is similarly bare of any rationale for why this omission would chill protected First Amendment activity.

Plaintiff's allegation that Defendant Nielson filed a police report containing false information also fails. Compl. at 6-7.  Plaintiff does not allege that the false information in the report led to any investigation, arrest, or further official action whatsoever.  The Ninth Circuit has held that retaliation claims based on government speech—even where that speech "undoubtedly damaged" the plaintiff's reputation—must "meet a high threshold."  Mulligan v. Nichols, 835 F.3d 983, 989-90 (9th Cir. 2016).  "[I]n the absence of a threat, coercion, or intimidation intimating that punishment, sanction, or adverse regulatory action will imminently follow," retaliation in the nature of speech does not violate Plaintiff's First Amendment rights.  Id. (quoting Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 687 (4th Cir. 2000)).

In order to properly plead a retaliation claim—
assuming that is what Plaintiff intends to do—Plaintiff must
allege some facts showing (1) that he engaged in a
constitutionally protected activity; (2) that an ordinary person
would have been chilled by Defendant Nielson's conduct; and (3)
that Plaintiff's protected activity motivated Defendant
Nielson's retaliatory conduct.  <u>Capp</u>, 940 F.3d at 1053.
Plaintiff here has not alleged what constitutionally protected
activity he was engaged in, nor do Defendant Nielson's actions,
as alleged by Plaintiff, rise to the level where any reasonable
juror could find that they would chill a person of ordinary
firmness.  The Court therefore finds that Plaintiff has failed
to state a claim against Defendant Nielson under the First
Amendment.

### b. Fifth Amendment

Plaintiff states that Defendant Nielson violated his
Fifth Amendment rights.  The Court speculates—as it must,
because Plaintiff again does not specify—that Plaintiff intends
to invoke his due process rights under the Fifth Amendment.  But
Plaintiff's claims are against state rather than federal actors,
and due process is applicable to state actors through the
Fourteenth Amendment (not the Fifth Amendment).  <u>United States
v. Navarro</u>, 800 F.3d 1104, 1112 n.6 (9th Cir. 2015); <u>Lee v. City</u>

of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001).  The Court addresses Plaintiff's Fourteenth Amendment claim below.

If Plaintiff intends to invoke the Fifth Amendment's due process guarantees against Defendant Nielson, Plaintiff's Fifth Amendment claim fails on the law; if Plaintiff intends to invoke a different Fifth Amendment protection, Plaintiff's claim fails on the ambiguity of the pleading under Rule 8.

### c. Fourteenth Amendment

Again, Plaintiff's Complaint does not assert what type of Fourteenth Amendment claim he is seeking to sustain. Plaintiff represented at the hearing on this matter that he intends to assert an equal protection claim, and the Court therefore addresses the claim that way.

"To state a § 1983 claim for violation of the Equal Protection Clause 'a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)).  "Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  Vill. of

<u>Willowbrook v. Olech</u>, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074,
145 L. Ed. 2d 1060 (2000).

Plaintiff here has failed to allege an intent or
purpose to discriminate, and failed to allege either membership
in a protected class or a difference in treatment from others
similarly situated.  Because Plaintiff's Complaint fails to make
the requisite allegations, his equal protection claim fails.

"To the extent Plaintiff's Fourteenth Amendment claim
is based on alleged falsehoods in the police report, he is
advised that the filing of a false police report itself does not
amount to a constitutional violation."  <u>Williams v. Jurdon</u>, No.
117CV00860LJOMJS, 2017 WL 3981405, at *3 (E.D. Cal. Sept. 11,
2017) (citing <u>Landrigan v. City of Warwick</u>, 628 F.2d 736, 744-45
(1st Cir. 1980)); <u>see also</u> <u>Moreno v. Idaho</u>, No. 4:15-CV-00342-
BLW, 2017 WL 1217113, at *16 n.20 (D. Idaho Mar. 31, 2017)
(holding same); <u>McKinley v. United States</u>, No. 3:14-CV-01931-HZ,
2015 WL 4663206, at *11 (D. Or. Aug. 5, 2015) (holding same).
The Court notes that the filing of a false police report can
provide the basis for a § 1983 action if constitutional harm
flows from the filing of a false report, but Plaintiff has not
pointed to constitutional harm flowing from the filing of the
report.  <u>See generally</u> Compl.; <u>Williams</u>, 2017 WL 3981405 at *3.

**V.   Qualified Immunity**

Because the Complaint does not sufficiently allege Plaintiff was deprived of any constitutional right, Defendant Nielson is protected by qualified immunity.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). Qualified immunity is more than "a mere defense to liability." Id. at 237 (quoting Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985)). Rather, it is immunity from the suit entirely. Id. The issue of qualified immunity is therefore important to resolve "at the earliest possible stage in litigation." Id. at 232 (quoting Hunter v. Bryant, 502 U.S. 224, 227, 112 S. Ct. 534, 536, 116 L. Ed. 2d 589 (1991)).

"To determine whether an individual officer is entitled to qualified immunity, we ask (1) whether the official violated a constitutional right and (2) whether the constitutional right was clearly established." C.B. v. City of Sonora, 769 F.3d 1005, 1022 (9th Cir. 2014) (citing Pearson, 555 U.S. at 232, 236).

As discussed above, the Court finds that Plaintiff has
not sufficiently alleged any violation of his constitutional
rights.  The Court therefore finds that Defendant Nielson is
entitled to qualified immunity.

## VI.  **Negligence**

Plaintiff appears to be asserting a negligence claim.[6/]
Plaintiff describes Defendant Nielson as violating his rights in
a "willful, deliberate and malicious" manner that went "far
beyond negligence," Compl. at 3.  In his prayer for relief,
Plaintiff states that he seeks punitive damages "for the
negligent/intentional infliction of emotional distress,"[7/] and
describes the anxiety he suffered as a result of the encounter
with Defendant Nielson.  Compl. at 7-8.  Plaintiff asserts that
Defendant Nielson's actions causing this anxiety "coincide[d]
with HPD's negligent handling of its officers and policies."
Compl. at 7-8.

In order to properly plead a Hawai'i state law
negligence claim, a plaintiff must plead facts that plausibly
establish "(1) [Defendant's] duty to conform to a certain

_____

[6/] Whereas Plaintiff specifically asserts that he is bringing the action
for the violation of his constitutional rights, he does not specify whether
the scattered references to negligence are intended to be a separate cause of
action, or whether they are intended only to be a basis for relief for the
violation of his constitutional rights.  Nevertheless, since Defendant
Nielson reads Plaintiff to be asserting a negligence claim, the Court
addresses it.
[7/] If Plaintiff wishes to assert negligent or intentional infliction of
emotional distress as separate causes of action, he is advised to make this
clear in any amended complaint.

standard of conduct, (2) breach of the duty, (3) causal connection between the breach and the injury, and (4) damage to [Plaintiff]." Hyun Ju Park v. City & Cty. of Honolulu, 292 F. Supp. 3d 1080, 1101 (D. Haw. 2018) (quoting Pourny v. Maui Police Dep't, Cty. of Maui, 127 F. Supp. 2d 1129, 1145 (D. Haw. 2000)) (alterations in original). Plaintiff alleges damages but does not make any allegations regarding the first three elements, and, in particular, he fails to allege any duty. Plaintiff therefore fails to state a claim for negligence.

## VII. Injunctive Relief

In order to obtain a permanent injunction, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 156-57, 130 S. Ct. 2743, 2756, 177 L. Ed. 2d 461 (2010) (quoting eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641 (2006)). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion." eBay Inc., 547 U.S. at 391.

Defendant Nielson argues that Plaintiff's request for injunctive relief, seeking "a Court Order to HPD for the rescission or removal of Nielson's falsified police report," Compl. at 7, should be dismissed as moot because Plaintiff "was allowed to provide HPD with 2 sworn affidavits and his complaints against Defendant Nielson have been acknowledged, received, and sustained by PSO."  Nielson's Mot. Dismiss at 12-13.

It is not clear that Plaintiff's affidavits having been "sustained" means that the allegedly false police report has already been rescinded or removed.  If that is the case, and there is no police report on file to rescind or remove, then the Court agrees it would moot Plaintiff's request for this relief. If, as Defendant's counsel represented at the hearing, Plaintiff's affidavits having been "sustained" means only that the Honolulu Police Department investigated and reprimanded Defendant Nielson for his conduct, then Defendant Nielson fails to explain why that investigation and reprimand moot Plaintiff's request for rescission or removal of the allegedly false police report.

Regardless, all of Plaintiff's claims are already dismissed on other grounds.  If Plaintiff wishes to pursue injunctive relief, he must establish the elements for such relief as the Court has set forth above.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant the City and County of Honolulu's Motion to Dismiss, ECF No. 13, GRANTS Defendant Nielson's Motion to Dismiss, ECF No. 16, and DISMISSES all claims against Defendants the City and County of Honolulu, the Honolulu Police Department, and Officer Nielson. Because Plaintiff may be able to cure some of the pleading defects via amendment, leave to amend is granted and the Complaint is dismissed without prejudice. Any amended complaint must be filed within thirty days of the issuance of this Order and should comply with the guidance and standards set forth herein.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 17, 2019.



_____
Alan C. Kay
Sr. United States District Judge

Reno v. Nielson, et al., Civ. No. 19-00418 ACK-WRP, Order Granting Defendants' Motions to Dismiss.